UNITED STATES DISTRICT COURT                              Revised 07/07 WDNY
WESTERN DISTRICT OF NEW YORK

Shannon Covert

_____        Jury Trial Demanded: Yes____ No X

_____
Name(s) of Plaintiff or Plaintiffs


             -vs-                        **DISCRIMINATION COMPLAINT**
RP Management Inc.                       _25_ -CV- _6011_ _EAW_
Scott Brannan (ORC)
Alexander L Bakes & Michael Hanan (SL)
Name of Defendant or Defendants


You should attach a copy of your **original Equal Employment Opportunity Commission
(EEOC) complaint**, a copy of the Equal Employment Opportunity Commission **decision, AND**
a copy of the **"Right to Sue"** letter you received from the EEOC to this complaint.  Failure to do
so may delay your case.
**Note:**  Only those grounds raised in the charge filed with the Equal Employment Opportunity
           Commission can be considered by the federal district court under the federal
           employment discrimination statutes.

This action is brought for discrimination in employment pursuant to *(check only those that
apply)*:

_____    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17
          (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166) (race,
          color, gender, religion, national origin).
                **NOTE**:  In order to bring suit in federal district court under Title
                VII, you **must first obtain a right to sue letter** from the Equal
                Employment Opportunity Commission.

_____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634
          (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of
          1986, Pub.L.No. 99-592, the Civil Rights Act of 1991, Pub.L.No. 102-166).
                **NOTE**:  In order to bring suit in federal district court under the Age
                Discrimination in Employment Act, you **must first file charges** with the
                Equal Employment Opportunity Commission.

__X__    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117
          (amended by the Civil Rights Act of 1991, Pub.L.No. 102-166).
                **NOTE:**  In order to bring suit in federal district court under the Americans
                with Disabilities Act, you **must first obtain a right to sue letter** from the
                Equal Employment Opportunity Commission.

**JURISDICTION** is specifically conferred upon this United States District Court by the
aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343.  Jurisdiction may also be
appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of
1991, Pub.L.No. 102-166, and any related claims under New York law.

**In addition to the federal claims indicated above**, you may wish to include New York State claims, pursuant to 28 U.S.C. § 1367(a).

_____    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status).

## PARTIES

1.    My address is:  _8 Farnham Street Addison, NY 14801_

    My telephone number is:  _607-542-1555_

2.    The name of the employer(s), labor organization, employment agency, apprenticeship committee, state or local government agency who I believe discriminated against me is/are as follows:

    Name:  _RP Management INC_

    Number of employees:  _100+_

    Address:  _308 E, Lancaster Avenue, Suite 235 Wynnewood, PA 19096_

3.    (If different than the above), the name and/or the address of the defendant with whom I sought employment, was employed by, received my paycheck from or whom I believed also controlled the terms and conditions under which I were paid or worked.  (For example, you worked for a subsidiary of a larger company and that larger company set personnel policies and issued you your paycheck).

    Name:  _____

    Address:  _____

## CLAIMS

4.    I was first employed by the defendant on (date):  _August 11th 2022_

2

5.  As nearly as possible, the date when the first alleged discriminatory act occurred is: _____

*february 2023*

6.  As nearly as possible, the date(s) when subsequent acts of discrimination occurred (if any did): *february 2023, April 2023, May 2023, Aug 2023, Sept 2023*

7.  I believe that the defendant(s)

    a. _____    Are still committing these acts against me.
    b. _X_    Are not still committing these acts against me.
    (Complete this next item **only** if you checked "b" above)  The last discriminatory act against me occurred on (date) _____ *September 28th 2023* _____

    _____

8.  (Complete this section **only** if you filed a complaint with the New York State Division of Human Rights)

    The date when I filed a complaint with the New York State Division of Human Rights is

    _____

    _ (estimate the date, if necessary)

    I filed that complaint in (identify the city and state): _____

    _____

    The Complaint Number was: _____

9.  The New York State Human Rights Commission did _____ /did not _____ issue a decision.  (**NOTE:** If it **did** issue a decision, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

10. The date (if necessary, estimate the date as accurately as possible) I filed charges with the Equal Employment Opportunity Commission (EEOC) regarding defendant's alleged discriminatory conduct is: _____ *1-22-24* _____

11. The Equal Employment Opportunity Commission did *did NOT* /did not _____ issue a decision.  (**NOTE:** If it **did** issue a decision, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

12. The Equal Employment Opportunity Commission issued the attached Notice of Right to Sue letter which I received on: _____ *10-3-24* _____. (**NOTE:** If it

**did** issue a Right to Sue letter, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

13.   I am complaining in this action of the following types of actions by the defendants:

a. _____   Failure to provide me with reasonable accommodations to the application process

b. _____   Failure to employ me

c. __X__   Termination of my employment

d. _____   Failure to promote me

e. __X__   Failure to provide me with reasonable accommodations so I can perform the essential functions of my job

f. _____   Harassment on the basis of my sex

g. _____   Harassment on the basis of unequal terms and conditions of my employment

h. __X__   Retaliation because I complained about discrimination or harassment directed toward me

i. _____   Retaliation because I complained about discrimination or harassment directed toward others

j. __X__   Other actions (please describe) _harrassing me about my Physical Therapy Appointments, making me feel as I was doing wrong with my time sheets._

14.   Defendant's conduct is discriminatory with respect to which of the following *(check all that apply)*:

a. _____ Race

b. _____ Color

c. _____ Sex

d. _____ Religion

e. _____ National Origin

f. _____ Sexual Harassment

g. _____ Age

_____ Date of birth

h. __X__ Disability
Are you incorrectly perceived as being disabled by your employer?
__X__ yes ___ no

15.   I believe that I (was) WAS /was not _____ **intentionally** discriminated against by the defendant(s).

4

16. I believe that the defendant(s) is/are _NOT_ is not/are not _____ still committing these acts against me. (If you answer is that the acts are not still being committed, state when: _Sept 28th 2023_ and why the defendant(s) stopped committing these acts against you: _Because they terminated me._ _____

17. **A copy of the charge to the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of my claim.** (**NOTE**: You **must** attach a copy of the **original complaint** you filed with the Equal Employment Opportunity Commission and a copy of the **Equal Employment Opportunity Commission affidavit** to this complaint; failure to do so will delay initiation of your case.)

18. The Equal Employment Opportunity Commission *(check one)*:
    _____ **has not** issued a Right to sue letter
    _X_ **has** issued a Right to sue letter, which I received on _10/3/24_ _____

19. State here as briefly as possible the *facts* of your case. Describe how each defendant is involved, including *dates* and *places*. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. *(Use as much space as you need. Attach extra sheets if necessary.)*

Please See Attached document

## FOR LITIGANTS ALLEGING AGE DISCRIMINATION

20. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct
    _____ 60 days or more have elapsed    _____ less than 60 days have elapsed

## FOR LITIGANTS ALLEGING AN AMERICANS WITH DISABILITIES ACT CLAIM

21. I first disclosed my disability to my employer (or my employer first became aware of my disability on _February 2023_ _____

22. The date on which I first asked my employer for reasonable accommodation of my disability is _february 15-21 of 2023_

23. The reasonable accommodations for my disability (if any) that my employer provided to me are: _Work at home while my dr had taken me out of work and did not pay me for my 5hrs each day I worked instead they used my PTO & I believe vacation._

24. The reasonable accommodation provided to me by my employer were _____ /were not effective.

**WHEREFORE**, I respectfully request this Court to grant me such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

Dated: _1/3/25_   _Shannon Llore_

Plaintiff's Signature

_Angelica Reyes_

ANGELICA REYES
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01RE6347857
Qualified in Monroe County
Commission Expires October 30, 2028

6

25 cv 6011 EAW

# Exhibit 1

# Charge of Discrimination

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form. | [ ] FEPA | |
| _____ and EEOC<br>State or local Agency, if any | [X] EEOC | |

| NAME (Indicate Mr.. Ms., Mrs.)<br>**Ms. Shannon Covert, email: scovert1972@yahoo.com** | HOME TELEPHONE (Include Area Code)<br>**(607) 542-1555** |
|---|---|
| STREET ADDRESS<br>**8 Farnham Street** | CITY. STATE AND ZIP CODE<br>**Addison, NY 14801** | DATE OF BIRTH<br>**11/16/1972** |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below)

| NAME<br>**RP Management Inc.**<br>**Email: sbrannan@rpmgt.com** | NUMBER OF EMPLOYEES, MEMBERS<br>**+15** | TELEPHONE (Include Area Code)<br>**(484) 708-5100** |
|---|---|---|
| STREET ADDRESS<br>**308 E Lancaster Avenue, Suite 235** | CITY, STATE AND ZIPCODE<br>**Wynnewood, PA 19096** | COUNTY<br>**Montgomery County** |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box (es))

DATE DISCRIMINATION TOOK PLACE

| [ ] RACE | [ ] COLOR | [ ] SEX | [ ] RELIGION | [ ] NATIONAL ORIGIN | EARLIEST (ADEA/EPA)<br>**04/2023** | LATEST (ALL)<br>**1/17/2024** |
|---|---|---|---|---|---|---|
| [X] RETALIATION | [ ] AGE | [X] DISABILITY | [ ] OTHER Pregnancy Act | | [X] CONTINUING ACTION | |

THE PARTICULARS ARE (If additional space is needed. al/ach extra sheet(s)

Please See Attached

| [ ] I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | State of New York<br>County of Steuben : |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>/x/ *Shannon L Covert*     1/22/24<br>SIGNATURE OF COMPLAINANT     DATE |
| Date:  Charging Party: | Sworn to and subscribed to before the undersigned notary public in and for said jurisdiction this 22nd day of January , 2024<br><br>My commission expires:  05 /13  /2027<br><br>KARISSA FLINT<br>Notary Public, State of New York<br>Reg. No. 01FL6391759<br>Qualified in Steuben County<br>Commission Expires 05-13-2027 |

EEOC Form 5 modified



**Attorneys at Law**
45 BROADWAY, SUITE 430, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
*A PROFESSIONAL LIMITED LIABILITY COMPANY*

January 22, 2024

U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004

## CHARGE OF DISCRIMINATION

**RE:    Our Client(s):              Shannon Covert**

   **Nature of Complaint:      Disability Discrimination, Failure to Provide a
                                                Reasonable Accommodation, Failure to Engage in the
                                                Interactive Process, Retaliation, Unlawful Termination**

                                                **~against~**

                                                **RP Management, Inc.**

Dear Madam/Sir:

The following is a charge of discrimination on the basis of disability, together with failure to provide a reasonable accommodation, failure to engage in the interactive process, retaliation, and unlawful termination that this office is filing on behalf of Complainant, Shannon Covert against Respondent RP Management, Inc.

Complainant's address and telephone number is:

8 Farnham Street
Addison, NY 14801
607-542-1555
Scovert1972@yahoo.com

The name and address(es) of the business(es) against whom the charge is made are:

**RP Management, Inc.**
308 E Lancaster Avenue, Suite 235
Wynnewood, PA 19096
484-708-5100
Attn: Scott Brannan, Esq., sbrannan@rpmgt.com

The exact number of employees at the above entity is unknown, but upon information and belief, there are well more than the statutory minimum.

**A Statement of Facts is as follows:**

1.  Complainant SHANNON COVERT is a female resident of the State of New York, County of Steuben.

2.  Since February 2023, Complainant has suffered from episodes of vertigo. These episodes include intense dizziness, loss of balance, nausea, and difficulty focusing.

3.  In September 2023, Complainant was diagnosed with Idiopathic intracranial hypertension (IIH).[1]

4.  At all times material, Respondent RP MANAGEMENT, INC. (hereinafter also referred to as "RP MANAGEMENT") was and is a domestic business corporation duly incorporated under the laws of the Commonwealth of Pennsylvania.

5.  At all times material, Respondent RP MANAGEMENT was and is headquartered at 308 E Lancaster Avenue, Suite 235, Wynnewood, PA 19096.

6.  At all times material, Respondent RP MANAGEMENT was and is an apartment management company with locations throughout Pennsylvania and two locations in New York.

---

[1] "Idiopathic intracranial hypertension (IIH) is a disorder related to high pressure in the brain. It causes signs and symptoms of a brain tumor." https://www.cedars-sinai.org/health-library/diseases-and-conditions/i/pseudotumor-cerebri.html#:~:text=Idiopathic%20intracranial%20hypertension%20(IIH)%20is,symptoms%20of%20a%20brain%20tumor.

2

7. At all times material, Complainant worked remotely from her home in New York, and at the two New York locations, at both 1833 West Water Street, Elmira, NY 14905 (hereinafter also referred to as "Woodland Apartments") and at 101 Harmon Street, Elmira, NY 14901 (hereinafter also referred to as "Riverview Apartments").

8. At all times material, Complainant was an employee of Respondent RP MANAGEMENT.

## MATERIAL FACTS

9. On or about August 11, 2022, Complainant began working for Respondent RP MANAGEMENT as an Administrative Assistant.

10. Throughout her employment, Complainant completed her duties satisfactorily. Due to her positive performance, Complainant began taking on tasks in both an administrative, and management, capacity.

11. On or about December 1, 2022, Complainant was promoted to Community Manager of Riverview Apartments by Regional Manager, Rita Shirley.

12. On or about February 2023, Complainant started to experience vertigo symptoms, including intense dizziness, nausea, and feeling disoriented. As a result, Complainant sought medical attention.

13. Complainant informed Ms. Shirley and Ms. Grewe of her symptoms, and advised that, per her doctor's instructions, she would need to take some time away from work as a result.

14. As a result, Complainant used paid time off (PTO) to attend to her symptoms. However, Complainant still attended her required Section 8 quadel training for her new position by working from home while taking her PTO. Complainant attended training, from home, from February 15, 2023, to February 21, 2023.

15. When Complainant returned to work, she was offered the Community Manager position at

3

Woodland Apartments in Elmira, New York, a non-Section 8 property. Complainant accepted, and started the new position in or around March 2023.

16. During Complainant's first month of working at Woodland Apartments, new construction had already begun on the buildings. Director of Operations, Heidi Schannuer, was the main point of contact when it came to decision-making regarding the construction.

17. Complainant noticed that the management office was being built in the basement of the building. This concerned Complainant, because having to climb the stairs to the office in the basement environment could aggravate her vertigo symptoms.

18. On or about April 13, 2023, Complainant sent a text to Regional Manager, Rosalyn Grewe, stating that she was concerned about the positioning of the management office, because of her vertigo. The text read:

> [Ms. Grewe] I truly did not want to disclose to Heidi [Schannuer, Maintenance Department] my medical condition with vertigo but I have great concerns with the up and down the flight of stairs in the basement office. Im a little embarrassed over this. I truly deeply LOVE my new [role] here at Woodlands and I am concerned if I say anything that my position [may] be looked at as not a good fit. Not sure how to address this. This vertigo comes and goes and I've been told by Dr. to avoid flights of stairs when vertigo is active. It comes and goes with no warning. I do exercises to help reduce it and hold my head a certain way to calm the spinning. I do not mean to add more to your already overflowing plate I just do not know how to go about this.

19. This was the second time Complainant put Respondent RP MANAGEMENT on notice of her medical condition, and her need for a reasonable accommodation.

20. Ms. Grewe then called Complainant. On the call, Complainant suggested that instead of using a basement office, that Respondent RP MANAGEMENT instead put the office on the first floor. In the alternative, Complainant suggested that another building be purchased for the cost of what they were spending to renovate the basement office, so an above-ground office

4

could be used.

21. Complainant also suggested that the current two-bedroom apartment office could be converted to a one-bedroom, to then be used as an office.

22. Instead of considering Complainant's suggestions for a reasonable accommodation, Ms. Grewe stated that Respondent RP MANAGEMENT had already spent money on the property, and to build a different office, or using a one-bedroom unit for an office, was not a possibility.

23. Ms. Grewe did not offer any other type of accommodation.

24. At this time, Complainant also raised concerns to the Fire and Safety Department regarding a second form of regress in the building. Ms. Grewe said she would address the issue, but Complainant did not hear anything else related to adding the second regress.

25. On or about May 5, 2023, in retaliation for Complainant's request for an accommodation and her complaint of building safety violations, Ms. Grewe placed Complainant on a Performance Improvement Plan based on the "curb appeal" of the building. Complainant completed the Performance Improvement Plan successfully.

26. On or about June 29, 2023, Complainant suffered from an ankle injury at work. Complainant reported this to Ms. Grewe.

27. However, Complainant did not miss any work as a result of her injury, and returned to work with her doctor's clearance.

28. In or around the beginning of August 2023, Complainant began physical therapy to treat her injury. Complainant sent information about her appointment times to Ms. Grewe, effectively requesting another reasonable accommodation to be able to attend those appointments.

29. However, fearing retaliation for this request, Complainant attempted to schedule all of her appointments outside of work hours.

30. On or about August 11, 2023, Complainant attended her annual review. During that meeting, Complainant was awarded a raise, and was told she was eligible for a promotion to a Regional Manager position for the New York Area.

31. On or about September 14, 2023, Complainant began to experience fluid draining out of her ears. Complainant went to the emergency room to figure out the cause of her symptoms.

32. At the emergency room, Complainant was diagnosed with Idiopathic intracranial hypertension (IIH).

33. The next day, Complainant emailed Vice President of Property Management, Lorinda Willer, and Ms. Grewe, to inform them about her condition. Complainant wrote:

> I was in the ER yesterday and have attached some medical information. To make a long story short I have fluid from my brain draining out my ears and nose due to IIH (inner cranial hypertension caused from an empty Sella).
>
> My PCP has referred me to the Cleveland Clinic for the neurology part of my care due to the severity of the fluid pressure around my brain.
> I do not have any dates or information other than my ER visit, but will keep you both notified as soon as know. I am still able to work and perform all of my daily, hourly and monthly tasks as the Manager. My goal is to plan local appointments around my work schedule as much as possible (lunch break). I am normally at my property by no later than 730 am every day (I am an early riser it gives me time to do what may need to be done that I could not stay late for).
>
> The travel appointments I will do my best to have them scheduled close to end of week as possible and I will ensure to balance those around my office schedule appointments as well as MI-MO's inspections etc.

34. On or about September 26, 2023, Complainant texted Ms. Grewe to remind her about the upcoming follow-up appointment.

35. On or about September 28, 2023, just a day before Complainant's scheduled follow-up appointment, Ms. Grewe drove three (3) hours to Woodland Apartments, and asked to meet with Complainant.

36. At the start of the meeting, Ms. Grewe told Complainant that she was being terminated. Ms. Grewe told Complainant her termination was related to her performance. When Complainant asked for more information, Ms. Grewe referenced a prior move-out procedure of an elderly resident, and told Complainant that she had asked "too many questions."

37. Ms. Grewe telephoned Director of Human Resources, Wendy Ross Dilsheimer. Once Ms. Dilsheimer was on the phone, Ms. Grewe repeated to Complainant that she was being terminated for issues related to work performance.

38. Ms. Dilsheimer supported Ms. Grewe by telling Complainant there was no room to negotiate her termination, and stated that the final decision to terminate her employment was made by Ms. Wilner.

39. The reason Respondent RP MANAGEMENT gave for terminating Complainant was pretext.

40. Respondent RP MANAGEMENT terminated Complainant less than two (2) weeks after her most recent request for an accommodation, and just one (1) day before her scheduled doctor's appointment.

41. Respondent RP MANAGEMENT would not have terminated Complainant but for her disabilities.

42. Respondent RP MANAGEMENT would not have terminated Complainant but for her request for reasonable accommodations in the form of doctor's appointments.

43. Respondent RP MANAGEMENT would not have terminated Complainant but for her potential requests for future accommodations related to her medical condition.

44. As a result of Respondent RP MANAGEMENT's actions, Complainant felt and continues to feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

7

45. As a result of Respondent RP MANAGEMENT's discriminatory and intolerable treatment of Complainant, she suffered, and continues to suffer, severe emotional distress and physical ailments.

46. As a result of the acts and conduct complained of herein, Complainant has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits, and other compensation which such employment entails, and Complainant has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

47. As Respondent RP MANAGEMENT's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Complainant demands Punitive Damages as against the Respondent RP MANAGEMENT.

**Phillips & Associates, P.L.L.C.**
*Attorneys for Complainant*

By: Laura E. Bellini, Esq.
45 Broadway, Suite 430
New York, NY 10006
lbellini@tpglaws.com
212-248-7431

25 cv 6011 EAW

# Exhibit 2

# Determination of Rights



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Buffalo Local Office**
300 Pearl St, Suite 450
Buffalo, NY 14202
(716) 431-5007
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-

B) Issued On: 10/03/2024

**To:** Ms. Shannon Covert
8 Farnham Street
Addison, NY 14801

Charge No: 525-2024-00774

EEOC Representative and email:     Julie George
Equal Opportunity Investigator
julie.george@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 525-2024-00774.

On behalf of the Commission,

**Maureen C. Kielt** Digitally signed by Maureen C. Kielt
Date: 2024.10.03 15:22:02 -04'00'

Maureen Kielt
Local Office Director

**Cc:**

Alexander L Bakes
Gordon Rees Scully Mansukhani
One Battery Park Plaza 28th Floor
New York, NY 10004

Michael Hanan
Gordon Rees Scully Mansukhani
18 Columbia Tpke. STE 220
Florham Park, NJ 07932

Scott  Brannan
RP Management, Inc.
308 E Lancaster Avenue Suite 235
Wynnewood, PA 19096

Laura E Bellini Esq.
Phillips & Associates, PLLC
45 Broadway Suite 430
New York, NY 10006

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 525-2024-00774 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 525-2024-00774 to the District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

Enclosure with EEOC Notice of Closure and Rights (01/22)

✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**

✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

✓ A person is not able to bring a failure to accommodate claim **if the individual is covered** only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.

25 CV6011 EAW

Exhibit 3

"see attachments"
mentioned in complaint

**August 11th, 2022,** RP Management hired me for the assistant admin position at Riverview Apartments located at 101 Harmon Street Elmira, Ny 14901. I worked under Regional Manager Rita Shirley and Property Manager Candy Pfutner. Trained by Shawna Supplee and Rose Grewe. I had no prior experience in property management.

**Approximately November 11th 2022** I had a 90 day evaluation with good constructive feedback from both Candy and Rita. Also around this time I spoke with Charles Ghale who was my regional roaming maintenance manager whom I had asked about health insurance and which policy he found to be the best. He explained to me that the insurance was good and that the insurance company also has a kick back that at the end of the year if medical expenses are low then we all get a bonus at the end of the year.

**Approximately mid to late October 2022** my property manager Candy was demoted, and I was left to do both positions. I dove into learning as much as I could to keep the office going and had help and training from Rose or Rita on Wednesdays when the office was closed for paperwork catch up.

**December 1st 2022** I was promoted to the Property Managers position, my hard work and dedication to learn did not go unnoticed by my Regional Manger Rita. Another Admin was hired to backfill my position.

**February 2022** it was disclosed that the New York region would be getting a new regional manager. And that Rp Management had done a restructuring with creating positions for traveling managers.

**February 15-21  2022,** I began my Quadell Section 8 online training to obtain my certificate in fair housing for the section 8 property. During this time, I had begun having dizzy spells and fell out of my office chair. I went to the Dr and was diagnosed with Vertigo and was taken out of work per my doctor. I was asked by Rose if I could complete the training at home, and I did so. This training was from 12pm- 5pm.  It interfered with me be able to rest and allow the medication to work. I struggled with the vertigo even at home I struggled getting through my training. I also was not paid my hourly rate for the 5 hours each day I worked from home. I am not sure who put the PTO/Vacation time in for me, but I clearly should have paid at least my hourly rate. I did not say anything in fear that I too may be demoted back to admin, nor did I want to have troubles in my newly promotion. I received a conversation log about my attendance that was clearly my drs idea plus the fact that I had PTO and Vacation days that were used.

**Approximately the end of February 2023** I was asked due to my interest in the Woodland property when it was first purchased during last quarter of 2022 if I would be interested in the manager position at the Woodlands apartments also located in Elmira and

owned by RP Management. The manager of this property had up and quit with no notice and cut his credit cards up and left them on the desk. I accepted the new position for this property which is a market rate property.

March 6th 2023 I began as manager of Woodlands located at 1833 West Water Street Elmira, Ny 14905. In my first few days/ maybe weeks at Woodlands I noticed that the $50.00 application fee was an over charge according to the NYS maximum fee for an application so I brought that to my trainer Shawna Supplee's attention and she told me that she did not want me to say anything and that she would address this because the last manager had found many things being done wrong and he was taken as a know it all and he ultimately quit. I was later told that the fee is reduced to $20.00 and not to say anything about previous applicants. This left me in a position that I clearly was not ok with but still needing my job I kept it moving forward I did not want any troubles.

April of 2023 I was informed that the office would be going back down into the basement of one of the buildings that it originally was in. This brought me great concern due to my medical condition with vertigo and using stairs repeatedly became a safety concern for myself due to my medical condition.

April 13th 2023 I notified My new regional manger Rose Grewe about the need for accommodation of the office not going back into the basement. Plus the fact that the basement was a fire and safety concern all by its self-due to only one form of regress. Rose said that she would look into this and She also told me the company had already spent a lot of money on my property, and she could not see them making sure that I had a ground floor office. Sometime in April I had spoke to the Fire Chief of West Elmira about the basement office and the safety concerns and the NYS building codes regarding a second form of regress. The chief and I believe the code enforcer came to property and spoke with Larry (head maintenance man that did all the ordering for all the new construction at my property) and they explained to him that the office could not go back in basement without the 2nd regress.

May 5th 60 days into my new roll I received a PIP ( Performance Improvement plan) based on curb appeal, follow through with marketing, managing maintenance staff and following up with them, staying on top of my budget items every month and taking ownership as a manager. This PIP came based on a Senior manager named Nicole who was visiting the property that was under construction with Hiedi Schannuer being in control of all of the maintenance staff and what was going on with the apartment turns.

**June 29th** I broke my ankle stepping out of the office door, I mis stepped on some broken brick just under the door casing causing the ankle to fracture. Again, I Was extremely hesitant to report this because at this time I felt that I was ne=being targeted. I continued to work and had an xray done on my lunch break and found that it was fractured, and I sent an email to my regional manager Rose letting her know of the situation

**August 11th 2023** I had my annual review, I was awarded a raise and Rose told me "Lorinda Wellner (VP of RP) would like to prime me for the regional manager for the New York region. Of course, I still had room for growth as we all have room to grow in areas but nothing that alarmed me.

**Aug 2023** I began physical therapy on my ankle. I made my appointments as late in the day as possible, so I did not miss work. There is no local support as far as having someone to assist at my property as a manager. Someone from PA that is 3 hours away would have to come in my place if I were to be out of work for any length of time. I sent the PT schedule to Rose so she knew what days and times I had therapy.

**Sept 14th 2023** I had fluid coming out my ears and nose and I went to the Er were I was diagnosed with IIH which is Idiopathic intercranial Hypertension. This condition is the reason of the vertigo. IIH is a condition where there is excess spinal fluid and pressure in the brain due to the pituitary gland being displaced and the brain and body react to it as a tumor. The next day I sent an email to Lorinda and Rose explain my condition and my PCP wanted me to see neurosurgeon ASAP for the possible placement of a shunt in my brain to drain fluid.

**September 28th** just one day before my follow up to the dr I was terminated.

**ISSUED**

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of New York

Shannon Covert
_____
Plaintiff(s)

v.

RP Management INC
_____
Defendant(s)

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.  25 CV 6011 EAW

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

RP Management INC
308 E. Lancaster Avenue, Suite 235
Wynnewood, PA 19096

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:  1/3/25          _____
                        *Signature of Clerk or Deputy Clerk*



JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Shannon Covert

### DEFENDANTS
RP Management INC

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [x] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 1/3/24

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____