UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHANNON COVERT,

                Plaintiff,                              **DECISION AND ORDER**

         v.                                     6:25-CV-06011 EAW

RP MANAGEMENT INC.,

                Defendant.
_____

**INTRODUCTION**

*Pro se* plaintiff Shannon Covert ("Plaintiff") filed this employment discrimination action against defendant RP Management Inc. ("Defendant"), alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117 ("ADA"). (Dkt. 1). Presently before the Court is Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on grounds that the claims are time-barred (Dkt. 3), and Plaintiff's cross-motion asking the Court to deem her claims timely filed (Dkt. 14).[1] For the following reasons, both motions are denied.

---

[1] Plaintiff titled her motion as a "Letter to the Judge Requesting a Reasonable Accommodation" but the Court construes it as a request to deny any challenge by Defendant to the timeliness of her claims and to toll the limitations period on equitable grounds. (Dkt. 14).

- 1 -

## BACKGROUND

I. **Factual Background**

The following facts are taken from Plaintiff's complaint. (Dkt. 1). As is required at this stage of the proceedings, the Court has treated Plaintiff's allegations as true.

On or about August 11, 2022, Defendant hired Plaintiff for an assistant administrative position at Riverview Apartments. (*Id.* at 24). Plaintiff received a 90-day evaluation in which she received constructive feedback. (*Id.*). Following the demotion of Plaintiff's supervisor, Plaintiff was promoted to Property Manager on or about December 1, 2022. (*Id.*). After Plaintiff began experiencing dizzy spells and was diagnosed with vertigo, Plaintiff "was taken out of work per [her] doctor" and completed Section 8 property training at home. (*Id.*). Plaintiff continued to struggle with vertigo and was not paid her hourly rate for the training. (*Id.*).

At the end of February 2023, Plaintiff accepted a new position from Defendant as Manager of the Woodlands Apartments. (*Id.* at 24-25). In April 2023, Plaintiff was informed that the office would be relocated to a basement. (*Id.* at 25). Plaintiff advised a supervisor about her need for an accommodation due to her vertigo on or about April 13, 2023. (*Id.*). On or about May 5, 2023, Plaintiff was placed on a performance improvement plan. (*Id.*).

Plaintiff broke her ankle on or about June 29, 2023. (*Id.* at 26). On or about August 11, 2023, Plaintiff had her annual review and was awarded a raise. (*Id.*). Plaintiff also began physical therapy on her ankle in August. (*Id.*). On or about September 14, 2023, Plaintiff was diagnosed with idiopathic intercranial hypertension. (*Id.*). Plaintiff emailed

her supervisors about her condition and advised that she was directed by her doctor to see a neurosurgeon to discuss the placement of a shunt in her brain to drain fluid. (*Id.*). Plaintiff was terminated "just one day before [her] follow up to the" doctor on or about September 28, 2023. (*Id.*).

## II.   Procedural Background

On January 22, 2024, Plaintiff, with the assistance of counsel, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 9). The EEOC issued a right-to-sue letter on October 3, 2024. (*Id.* at 18). On January 3, 2025, Plaintiff, now proceeding *pro se*, filed her complaint. (*Id.*).

Defendant filed a motion to dismiss on February 26, 2025. (Dkt. 3). On March 25, 2025, Plaintiff filed a response. (Dkt. 7). On May 12, 2025, Plaintiff filed a cross-motion asking the Court to deem her claim timely. (Dkt. 14). Defendant filed a reply on May 28, 2025. (Dkt. 15). On July 9, 2025, without seeking leave of Court,[2] Defendant filed a supplemental letter and exhibits in support of its motion to dismiss. (Dkt. 16).

## DISCUSSION

## I.   Legal Standard

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the

---

[2]   Local Rule 7(a)(6) of the Western District of New York provides that "[a]bsent permission of the Judge hearing the motion, sur-reply papers are not permitted." L.R. Civ. P. 7(a)(6).

complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). To withstand dismissal, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

"If, on a motion to dismiss under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). "[A] district court acts properly in converting a motion for judgment on the pleadings into a motion for summary judgment when the motion presents matters outside the pleadings, but the rule requires that the court give 'sufficient notice to an opposing party and an

opportunity for that party to respond.'" *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009). Whether the Court should convert or decide the motion to dismiss on the pleadings alone is a matter of discretion. *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (explaining that a district court may choose between conversion and exclusion of extra-pleading materials presented in response to a 12(b)(6) motion).

## II. Timeliness

Defendant contends that Plaintiff's complaint is time-barred because Plaintiff did not file her complaint within 90 days of receipt of her right-to-sue letter from the EEOC, as required. (Dkt. 3-1 at 7-9).

Individuals may bring Title VII claims in federal court only after filing a timely charge with the EEOC and receiving an EEOC right-to-sue letter. 42 U.S.C. § 2000e-5(e), (f); *see also Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001). Administrative exhaustion is an essential element of Title VII's statutory scheme whose purpose is to avoid unnecessary judicial action by the federal courts by "[giving] the administrative agency the opportunity to investigate, mediate, and take remedial action." *Stewart v. United States Immigr. & Naturalization Serv.*, 762 F.2d 193, 198 (2d Cir. 1985). The Second Circuit has held that exhaustion "is a precondition to bringing a Title VII claim in federal court rather than a jurisdictional requirement." *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) (citation omitted). Courts have explained that "[t]he significance of this distinction is that insofar as the district court's subject matter jurisdiction does not depend on the exhaustion of administrative remedies, the requirement is theoretically 'subject to waiver, estoppel, and equitable tolling.'" *O'Neal v. State Univ.*

*of N.Y.*, No. CV-01-7802 (DGT), 2003 WL 1524664, at *4 (E.D.N.Y. 2003) (quoting *Francis*, 235 F.3d at 767).

"In order to be timely, a claim under the ADA must be filed in federal district court within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011). "The 90-day limit . . . is not merely a suggestion; it is a statutorily-imposed requirement necessitating strict adherence, subject only to very narrow exceptions." *Celestine v. Cold Crest Care Ctr.*, 495 F. Supp. 2d 428, 432 (S.D.N.Y. 2007); *see also Blank v. Beam Mack Sales & Serv., Inc.*, No. 6:20-CV-06092 EAW, 2021 WL 826738, at *1 (W.D.N.Y. Mar. 4, 2021) ("The 90-day limit is strictly construed."); *Hughes v. Elmira Coll.*, 584 F. Supp. 2d 588, 590 (W.D.N.Y. 2008) (dismissing plaintiff's claims as untimely where plaintiff filed complaint 91 days after right-to-sue letter received). "Although *pro se* plaintiffs are entitled to leniency in other areas of litigation, the case law is clear: The 90-day deadline is strictly enforced against represented and *pro se* plaintiffs alike." *Williams-Lawson v. Subway Surface Supervisors Ass'n*, No. 20 CIV. 8544(PGG)(SLC), 2021 WL 4943554, at *6 (S.D.N.Y. June 21, 2021) (quoting *Perez v. Mason Tenders Dist. Council Tr. Funds*, No. 17 Civ. 1022 (PAE) (AJP), 2017 WL 5125542, at *3 (S.D.N.Y. Nov. 1, 2017)), *report and recommendation adopted*, 2021 WL 4264067 (S.D.N.Y. Sept. 20, 2021).

The 90-day period begins to run when a party or her attorney has receipt of the right-to-sue letter or actual notice of the EEOC's decision. *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 38 (2d Cir. 2011) ("[T]he 90-day limitations period set forth in 42 U.S.C. § 2000e-5(f)(1) begins to run on the date that a right-to-sue letter is

first received either by the claimant or by counsel, whichever is earlier."); *see also Fabor v. Niagara Frontier Transp. Auth.*, No. 23-CV-831 (JLS) (MJR), 2025 WL 542569, at *2 (W.D.N.Y. Feb. 18, 2025) ("Even where a claimant 'did not receive a right-to-sue letter,' the 'ninety-day statute of limitations begins to run when a claimant or his attorney receives actual notice of the dismissal of the EEOC complaint.'" (quoting *Hilton v. Bedford Paving, LLC*, No. 08-CV-6552 CJS, 2011 WL 3957269, at *9 (W.D.N.Y. Sept. 7, 2011))).

In addition, "[t]here is a presumption that a notice provided by a government agency was mailed on the date shown on the notice. . . . There is a further presumption that a mailed document is received three days after its mailing." *Tiberio*, 664 F.3d at 37. Those presumptions can be overcome by "sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail." *Id.* (citation omitted); *Rodriguez v. Town of Ramapo*, 412 F. Supp. 3d 412, 433 (S.D.N.Y. 2019) ("The three-day presumption may be rebutted, however, by admissible evidence, such as an affidavit by the claimant stating the actual date of receipt.").

Here, Plaintiff filed her complaint on January 3, 2025. (Dkt. 1). In her complaint, she stated twice in response to form questions that she received her right-to-sue letter on October 3, 2024. (*Id.* at 3, 5). Plaintiff also attached the right-to-sue letter, which is dated October 3, 2024. (*Id.* at 18). Defendant argues that Plaintiff's claim is time-barred because she filed her complaint 92 days after the date she concedes in her complaint to having received her right-to-sue letter. (Dkt. 3-1 at 8). That said, in a sworn affirmation filed in response to Defendant's motion, Plaintiff contends that she "received a letter from the

EEOC via USPS on" October 7, 2024, at her home address. (Dkt. 7 at ¶ 3). Plaintiff states that she "understood [from] opening and reading the letter and the other information sent with the right[-]to[-]sue [letter]" that the "clock began to toll . . . from October 7[], 2024," making her complaint timely so long as it was filed on or before January 4, 2025. (*Id.*). In further support of her position, Plaintiff attached a USPS envelope to her response. (*Id.* at 3).

Defendant urges the Court to disregard Plaintiff's statement that she received the right-to-sue letter via mail on October 7, 2024, arguing that it directly contradicts the allegations in her original complaint. (Dkt. 15 at 7-15). While a party may not contradict allegations in a pleading when faced with a motion to dismiss, *see Azzarmi v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 20-CV-9155 (KMK), 2025 WL 35003, at *4 (S.D.N.Y. Jan. 6, 2025) ("[I]t is well settled that a district court may ignore newly asserted facts where 'a plaintiff blatantly changes his statement of the facts in order to respond to the defendant's motion to dismiss and directly contradicts the facts set forth in his original complaint.'" (quoting *Vasquez v. Reilly*, No. 15-CV-9528, 2017 WL 946306, at *3 (S.D.N.Y. Mar. 9, 2017))), at this stage of the proceedings and in light of Plaintiff's *pro se* status, the Court finds it at least ambiguous whether Plaintiff's indication in her complaint that she received the right-to-sue letter on October 3, 2024, reflected her actual receipt of the document on that date or was intended to simply reflect the date contained on the right-to-sue letter. Drawing all inferences in Plaintiff's favor justifies denial of Defendant's motion on this basis. *U.S. E.P.A. ex rel. McKeown v. Port Auth. of New York & New Jersey*, 162 F. Supp. 2d 173, 182 (S.D.N.Y.) ("On a Rule 12 motion to dismiss, the Court generally must accept

the factual allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant; it should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."), *aff'd sub nom. McKeown v. Delaware Bridge Auth.*, 23 F. App'x 81 (2d Cir. 2001) (citation and quotation omitted)).

In further support of its timeliness argument, Defendant submits EEOC records attached to a letter (Dkt. 16-2 at 2) that purportedly show that Plaintiff and her attorney received the right-to-sue letter via electronic notification on October 3, 2024, but the Court declines to consider those documents on the instant motion. Defendant did not obtain leave of Court before filing the additional materials and thus, they are not properly before the Court. Moreover, even to the extent that the Court could consider such documents on the instant motion without converting the motion to one for summary judgment, which Defendant has not requested, the documents are not in admissible form. *Byrd v. NYS Fingerlakes Developmental Disabilities Servs. O.P.W.D.D.*, No. 6:14-CV-06470(MAT), 2018 WL 3305423, at *1 (W.D.N.Y. July 5, 2018) ("Defendant relies heavily on various documents, including reports, emails, and letters. However, these documents are not in admissible evidentiary form because none of them has been properly authenticated through deposition testimony or an affidavit from its author."); *see also Gross v. Hanover Ins. Co.*, No. 91 CIV. 0079 (PKL), 1991 WL 102401, at *1 n.1 (S.D.N.Y. June 5, 1991) (collecting cases declining to consider extrinsic evidence on motion to dismiss with no alternative request for summary judgment).

In light of the factual questions outlined above, Defendant's motion to dismiss (Dkt. 3) cannot be resolved as a matter of law at this stage of the proceedings. *Desius v. BWW Res. LLC*, No. 23-CV-6053DGL, 2023 WL 3746336, at *3-4 (W.D.N.Y. June 1, 2023) (denying motion to dismiss where the record contained conflicting proof as to when right-to-sue letter was received, stating "[w]hether the issues presented by the motion can be resolved after discovery and further development of the record, on a motion for summary judgment, remains to be seen, but at this point the motion is premature"). Accordingly, Defendant's motion to dismiss is denied and Plaintiff's cross-motion asking the Court deem her complaint timely filed is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. 3) and Plaintiff's cross-motion (Dkt. 14) are denied. Upon the filing of an answer, the case will be referred to a magistrate judge for the handling of pretrial matters, and the parties may raise the appropriate time and method to address the issues presented by the motions, such as through bifurcated discovery.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: August 8, 2025
Rochester, New York