UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHANNON COVERT,

Plaintiff,

v.

RP MANAGEMENT INC.,

Defendant.

**DECISION AND ORDER**

6:25-CV-06011 EAW CDH

## INTRODUCTION

*Pro se* plaintiff Shannon Covert ("Plaintiff") commenced this action against defendant RP Management Inc. ("RP Management" or "Defendant"), alleging discrimination under the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12112-12117. (Dkt. 1). Pending before the Court is a motion for summary judgment filed by Defendant. (Dkt. 23). For the reasons set forth below, Defendant's motion is granted.

## BACKGROUND

### I. Factual Background

The following facts are taken from Defendant's Statement of Undisputed Facts (Dkt. 26), Plaintiff's Response to Defendant's Statement of Undisputed Facts (Dkt. 36), Plaintiff's complaint (Dkt. 1), and the exhibits submitted by Defendant in support of its motion for summary judgment (Dkt. 23). Where there is disagreement between the parties, it is noted.

Plaintiff was employed by RP Management from August 11, 2022 until September 28, 2023. (Dkt. 26 at ¶ 1; Dkt. 36 at ¶ 1). On January 22, 2024, Plaintiff filed a charge of discrimination against RP Management with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that RP Management discriminated against her on the basis of a purported disability in violation of the ADA. (Dkt. 26 at ¶¶ 2-3; Dkt. 36 at ¶¶ 2-3). Plaintiff was represented by Laura E. Bellini, Esq. ("Bellini") throughout the duration of the EEOC proceeding. (Dkt. 26 at ¶ 4; Dkt. 36 at ¶ 4).

In a letter dated October 3, 2024, the EEOC issued a determination indicating it would not proceed with its investigation of the allegations contained in the charge and providing Plaintiff with notice of her right to sue within 90 days. (Dkt. 26 at ¶¶ 5-6; Dkt. 36 at ¶¶ 5-6). The right-to-sue letter was electronically released on October 3, 2024, and Plaintiff and Bellini were notified by email that day that a new document related to Plaintiff's charge was available for download. (Dkt. 26 at ¶¶ 7-8; Dkt. 36 at ¶¶ 7-8).

The date that Plaintiff and her attorney viewed and downloaded the right-to-sue letter is a source of disagreement between parties. According to Defendant, Bellini logged into the EEOC portal and viewed the right-to-sue letter on October 3, 2024. (Dkt. 26 at ¶ 9). In support of that contention, Defendant submitted an EEOC Activity Log[1] which states that Bellini downloaded the right-to-sue notice on October 3, 2024. (Dkt. 23-4 at 50

[1] According to a sworn declaration from defense counsel, the EEOC Activity Log is a portion of 492 pages of records received from the EEOC pursuant to a request made by counsel's paralegal under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to obtain the EEOC's investigative file for Plaintiff's charge against RP Management. (Dkt. 23-1 at ¶¶ 4, 6). The FOIA response and full investigative file is attached to Defendant's motion as Exhibit B. (*See* Dkt. 23-4 at 31-526).

("The Charging Party Legal Representative has Downloaded Document. Type: Closure Notice/NRTS, FileName:2024-10-2 NRTS 525-2024-00774(002).pdf.")). Plaintiff concedes that the date "appears accurate" based on the entry in the EEOC Activity Log but challenges the validity of Defendant's submissions. (Dkt. 36 at ¶ 9).

In addition, Defendant contends that Bellini was given oral notification of the decision in a phone call on October 2, 2024. (Dkt. 26 at ¶ 10). Defendant relies on an entry in the EEOC Activity Log from October 2, 2024, which states "Contact with Charging Party Attorney record added" (Dkt. 23-4 at 51), and a note that the EEOC investigator entered on that date stating "[Charging Party's] attny was made aware of [notice of right-to-sue] and 90-day deadline for filing" (*id.* at 524). Plaintiff denies the conversation took place because she was not present for it, nor was she made aware of it. (Dkt. 36 at ¶ 10).

As to when Plaintiff personally received notice of the right-to-sue letter, Defendant's submissions reflect that Plaintiff downloaded the letter on October 5, 2024. (Dkt. 23-4 at 50 ("The Charging Party has Downloaded Document. Type: Closure Notice/NRTS, FileName:2024-10-2 NRTS 525-2024-00774(002).pdf.")). Meanwhile, Plaintiff maintains that she did not view and download the letter until October 7, 2024. (Dkt. 36 at ¶¶ 6, 8).

## II. <u>Procedural Background</u>

On January 3, 2025, Plaintiff, proceeding *pro se*, filed this action against Defendant, alleging discrimination under the ADA. (Dkt. 1). On February 26, 2025, Defendant filed a motion to dismiss the complaint as untimely (Dkt. 3), prompting Plaintiff to file a cross-

motion asking the Court to deem her claim timely (Dkt. 14). The Court denied both motions. (Dkt. 17).

On September 24, 2025, Defendant filed a motion for summary judgment (Dkt. 23) and later supplemented its motion with a Statement of Undisputed Facts (Dkt. 26). Plaintiff responded (Dkt. 36), and Defendant replied (Dkt 38). On March 19, 2026, Plaintiff filed a sur-reply asking the Court to consider her medical conditions in deciding the motion for summary judgment. (Dkt. 39).

## DISCUSSION

### I. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the Court finds that no rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact. . . ." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014). "Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Johnson v. Xerox Corp.*, 838 F. Supp. 2d 99, 103

(W.D.N.Y. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)). Specifically, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358. Indeed, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Where one party is proceeding *pro se*, the Court reads the *pro se* party's papers liberally and interprets them 'to raise the strongest arguments that they suggest.'" *Thorne v. Lewis*, No. 3:19cv24(VLB), 2021 WL 4324475, at *2 (D. Conn. Sept. 23, 2021) (quoting *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015)). Despite this liberal approach, allegations unsupported by admissible evidence "do not create a material issue of fact" and cannot overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

## II. <u>Timeliness</u>

Defendant's sole contention on summary judgment is that Plaintiff's complaint is time-barred because it was filed more than 90 days after receiving the EEOC's right-to-sue letter. (Dkt. 23-3 at 9-13; Dkt. 38 at 6-7). Defendant contends that because Bellini was

orally notified about the EEOC's decision on October 2, 2024, and subsequently viewed and downloaded the right-to-sue letter on October 3, 2024, Plaintiff's lawsuit was commenced outside the 90-day deadline. (Dkt. 23-3 at 9-13; Dkt. 38 at 6-7).

Individuals may bring Title VII claims in federal court only after filing a timely charge with the EEOC and receiving an EEOC right-to-sue letter. 42 U.S.C. 2000e-5(e), (f); *see also Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001). Administrative exhaustion is an essential element of Title VII's statutory scheme whose purpose is to avoid unnecessary judicial action by the federal courts by "giv[ing] the administrative agency the opportunity to investigate, mediate, and take remedial action." *Stewart v. U.S. Immigr. & Naturalization Serv.*, 762 F. 2d 193, 198 (2d Cir. 1985). The Second Circuit has held that exhaustion "is a precondition to bringing a Title VII claim in federal court rather than a jurisdictional requirement." *Francis v. City of N.Y.*, 235 F.3d 763, 768 (2d Cir. 2000) (citation omitted). Courts have explained that "[t]he significance of this distinction is that insofar as the district court's subject matter jurisdiction does not depend on the exhaustion of administrative remedies, the requirement is theoretically 'subject to waiver, estoppel, and equitable tolling.'" *O'Neal v. State Univ. of N.Y.*, No. CV-01-7802 (DGT), 2003 WL 1524664, at *4 (E.D.N.Y. Mar. 24, 2003) (quoting *Francis*, 235 F.3d at 767).

"In order to be timely, a claim under the ADA must be filed in federal district court within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011). "The 90-day limit . . . is not merely a suggestion; it is a statutorily-imposed requirement necessitating

strict adherence, subject only to very narrow exceptions." *Celestine v. Cold Crest Care Ctr.*, 495 F. Supp. 2d 428, 432 (S.D.N.Y. 2007); *see Blank v. Beam Mack Sales & Serv., Inc.*, No. 6:20-cv-06092 EAW, 2021 WL 826738, at *1 (W.D.N.Y. Mar. 4, 2021) ("The 90-day limit is strictly construed."); *Hughes v. Elmira Coll.*, 584 F. Supp. 2d 588, 590 (W.D.N.Y. 2008) (dismissing plaintiff's claims as untimely where plaintiff filed complaint 91 days after right-to-sue letter received). "Although *pro se* plaintiffs are entitled to leniency in other areas of litigation, the case law is clear: The 90-day deadline is strictly enforced against represented and *pro se* plaintiffs alike. If a *pro se* plaintiff misses her deadline by a few days, or even one day, her action must be dismissed as untimely." *Lall v. N.Y. Housing Auth.*, No. 24-CV-5508 (JMF), 2024 WL 4954011, at *1 (S.D.N.Y. Dec. 2, 2024) (quoting *Perez v. Mason Tenders Dist. Council Tr. Funds*, No. 17 Civ. 1022 (PAE) (AJP), 2017 WL 5125542, at *3 (S.D.N.Y. Nov. 1, 2017), *aff'd*, 742 F. App'x 584 (2d Cir. 2018)).

Importantly for this case, the 90-day period begins to run when a party or their representative has receipt of the right-to-sue letter or actual notice of the EEOC's decision. *Tiberio*, 664 F.3d at 38 ("T]he 90-day limitations period set forth in 42 U.S.C. § 2000e-5(f)(1) begins to run on the date that a right-to-sue letter is first received either by the claimant or by counsel, whichever is earlier."); *see also Fabor v. Niagara Frontier Transp. Auth.*, No. 23-CV-831 (JLS) (MJR), 2025 WL 542569, at *2 (W.D.N.Y. Feb. 18, 2025) ("Even where a claimant 'did not receive a right-to-sue letter,' the 'ninety-day statute of limitations begins to run when a claimant or his attorney receives actual notice of the

dismissal of the EEOC complaint.'" (quoting *Hilton v. Bedford Paving, LLC*, No. 08-CV-6552 CJS, 2011 WL 3957269, at *9 (W.D.N.Y. Sept. 7, 2011))).

Here, Defendant submitted proof that the attorney who represented Plaintiff throughout the EEOC administrative process received actual notice of the decision on October 2, 2024, and viewed and downloaded the right-to-sue notice on October 3, 2024. The EEOC Activity Log[2] reflects that on October 2, 2024, the EEOC investigator assigned

---

[2] Neither party has addressed the appropriateness of the Court's consideration on summary judgment of the EEOC Activity Log obtained through a FOIA request. But the Court's own research has revealed that district courts have found documents submitted in response to a FOIA request to be authentic under certain circumstances. *See Hoffman v. Walmart, Inc.*, No. 3:21-CV-1729 (SVN), 2023 WL 6929208, at *4 (D. Conn. Oct. 19, 2023) (finding FOIA records admissible because they contained an email from the Deputy Director "bearing a subject line with the letters 'FOIA' and discussing the provision of a preliminary report documenting the volume of police calls to the store over the time period referenced. . . . At the bottom of the log, there is a note that the report was generated on May 12, 2023, by User ID: PATTJEFF, which matches the partial first and last name of the Deputy Director mentioned above." (quotation modified)); *see also Dickerson v. Ventra Sandusky, LLC*, No. 3:25 CV 1443, 2026 WL 1492754, at *2 (N.D. Ohio May 28, 2026) (considering EEOC activity log obtained through FOIA request on summary judgment motion based on untimeliness of action); *Allen v. Henry Ford Health Sys.*, No. 2:25-CV-11584-TGB-CI, 2026 WL 2566211, at *5 (E.D. Mich. Aug. 31, 2026) (granting summary judgment and relying on EEOC activity log produced in response to defendant's FOIA request); *McCladdie El v. United Airlines, Inc.*, No. 24 CV 4385, 2025 WL 2084228, at *2 (N.D. Ill. July 24, 2025), *appeal dismissed sub nom. Mccladdie United Airlines, Inc. Mccladdie v. United Airlines, Inc.*, No. 25-2511, 2025 WL 4355421 (7th Cir. Sept. 18, 2025), *and aff'd*, No. 25-2496, 2026 WL 2497989 (7th Cir. Aug. 25, 2026) (granting summary judgment and relying on documents "included in the response to United's FOIA request was the EEOC's activity log for McCladdie El's charge of discrimination"); *Jackson v. Corizon Health, Inc.*, No. 19-13382, 2025 WL 546365, at *7 (E.D. Mich. Feb. 19, 2025) (finding the plaintiff authenticated emails by submitting a declaration from a paralegal "that he personally located and acquired the emails through [FOIA] requests"); *Fadalla v. Life Auto. Products, Inc.*, No. 06-2679, 2009 WL 10665374, at *7 (W.D. Tenn. Jan. 12, 2009) (letter was authenticated because "Plaintiffs have submitted the affidavit of Fadalla, which states that he requested a copy of the letter through [FOIA], the response from the DOL's FOIA office, and the DOL letter"); *Sullivan v. Dollar Tree Stores, Inc.*, No. CV-07-5020-EFS, 2008 WL 1730079, at *2 (E.D. Wash. Apr. 10, 2008) ("The DOL

to Plaintiff's case spoke over the phone with Bellini and informed her of the decision, provided notice of Plaintiff's right to sue, and notified her of the 90-day deadline to file suit. (Dkt. 23-4 at 51 ("Contact with Charging Party Attorney record added"); *id.* at 524 ("[Charging Party's] attny was made aware of [notice of right-to-sue] and 90-day deadline for filing.")). The EEOC Activity Log further reflects that on October 3, 2024, Bellini

---

narrative [cover page], combined with the FOIA request cover page, satisfies the authentication requirements."); *Smith v. Warren R. Gregory & Sons, Inc.*, No. IP99-1490-C-B/S, 2001 WL 1691640, at *10 (S.D. Ind. Nov. 21, 2001) ("By including the EEOC's February 15, 2000 response to counsel's FOIA request-signed by Laurie Young and indicating that WGS's request was granted in its entirety-WGS has made at least that minimal showing" of authenticity); *cf. Marshall v. Precision Pipeline LLC*, No. 13-cv-443-wmc, 2015 WL 224689, at *10 (W.D. Wis. Jan. 15, 2015) (documents received from FOIA request were not authenticated because "[t]here is nothing in *any* of the notes indicating who wrote them or when they were written. Nor has [plaintiff] included details as to the request she made or the FOIA response detailing what, exactly, it sent to Marshall in response to that request").

Here, Defendant submitted an EEOC cover letter granting defense counsel's FOIA request that was signed and prepared by Ebony Largo ("Largo"). (Dkt. 23-4 at 32-34). The EEOC Activity Log then included entries showing that Largo downloaded each document from the investigative file two days before the FOIA records were sent to defense counsel. (*Id.* at 35-38). The EEOC Activity Log also included entries regarding the receipt of a FOIA request bearing the same case number as defense counsel's FOIA request (No. 520-2025-012171). (*Id.* at 32, 38). The EEOC Activity Log also contains the same case number as Plaintiff's administrative charge (No. 525-2024-00774), spans the entire duration of Plaintiff's EEOC case, and includes names and contact information for the relevant parties, including the assigned EEOC investigator.

Under the circumstances, especially where Plaintiff has not meaningfully challenged the authenticity of the EEOC investigative file and at times appears to concede the accuracy of that file (*see* Dkt. 36 at 2-3), the Court finds it appropriate to consider the EEOC Activity Log submitted by Defendant in support of its summary judgment motion. *See H. Sand & Co. v. Airtemp Corp.*, 934 F.2d 450, 454 (2d Cir. 1991) (observing that parties are not required to authenticate documents at summary judgment stage where no challenge to authenticity raised); *Haughton v. Town of Cromwell*, No. 3:14-CV-1974 (VLB), 2017 WL 2873047, at *3 (D. Conn. July 5, 2017) (on summary judgment motion, court may exercise its discretion to consider documents that have not been properly authenticated if no objection has been raised, but it is not required to do so), *aff'd*, 735 F. App'x 27 (2d Cir. 2018).

downloaded the right-to-sue notice. (*Id.* at 50 ("The Charging Party Legal Representative has Downloaded Document. Type: Closure Notice/NRTS, FileName:2024-10-2 NRTS 525-2024-00774(002).pdf.")). Accordingly, because "notice to an attorney's office which is acknowledged by a representative of that office qualifies as notice to the client[,]" *Tiberio*, 664 F.3d at 37 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93 (1990)), Defendant has provided evidence that Plaintiff received notice of the right-to-sue letter on October 2, 2024 or October 3, 2024, notwithstanding that Plaintiff allegedly did not view and download the letter herself until a few days later (the exact date of which is disputed).

In this case, whether October 2, 2024 or October 3, 2024 is the operative start date of the 90-day period is a distinction without a difference—because under either scenario, Defendant has met its burden of demonstrating that Plaintiff's complaint was filed outside the 90-day deadline. Even assuming that October 3, 2024 is the proper date of notice, Plaintiff needed to file her lawsuit by January 2, 2025, to fall within the 90-day period.[3] Because it is undisputed that Plaintiff filed her complaint on January 3, 2025, Defendant has established that Plaintiff failed to comply with the 90-day deadline, and the complaint is untimely.

[3] Although Defendant construes the deadline for Plaintiff to file suit as January 1, 2025 (Dkt. 23-3 at 5), that calculation ignores that even in the context of an EEOC proceeding, "if the last day [to file suit] is a . . . legal holiday, the period continues to run until the end of the next day that is not a . . . legal holiday." *Gunning v. N.Y. State Justice for Prot. of People With Special Needs*, 1:19-cv-1446 (GLS/CFH), 2020 WL 5203673, at *3 (N.D.N.Y. Sep. 1, 2020) (quoting Fed. R. Civ. P. 6(a)(1)(C)). Because January 1, 2025 was a legal holiday, Plaintiff necessarily had until January 2, 2025 to file her complaint.

Plaintiff's filings fail to raise an issue of fact with respect to the timeliness of the instant action. Plaintiff contests the occurrence of the October 2, 2024 phone conversation by asserting that she was not present for the call and "personally cannot confirm" that it took place. (Dkt. 36 at ¶ 10). Furthermore, Plaintiff attacks the authenticity of the October 3, 2024 recorded entry in the EEOC Activity Log by alleging that she "found a falsified document" in Defendant's records. (*Id.* at ¶ 9). But in both respects, Plaintiff has failed to submit any admissible evidence establishing that the EEOC Activity Log contains false information. In other words, Plaintiff has not provided any evidence—such as a sworn affirmation from Bellini—indicating that the phone conversation did not occur, or that Bellini did not view and download the right-to-sue letter on October 3, 2024. Although Plaintiff submitted an affidavit in which she attests that a conversation log created and submitted by RP Management is a false document, contains her forged signature, and is not something she had seen before, whether RP Management falsified an internal document has no significant bearing on the validity of the EEOC Activity Log, a document created by a totally separate entity. (Dkt. 36 at 34-36; *see* Dkt. 23-4 at 355-56). In any event, it is not at all clear that the conversation log even contains Plaintiff's signature or was a document that would have been shared with Plaintiff.

In Plaintiff's sur-reply, she appears to concede that her complaint was filed outside the 90-day deadline and asks the court to "please forgive the 1 day" and consider various medical conditions that she has been diagnosed with, including post-traumatic stress

disorder and intercranial hypertension. (Dkt. 39 at 1). The Court construes this request as an appeal for equitable tolling.[4]

"The 90-day period may be tolled . . . where a plaintiff (1) has 'acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that' extraordinary circumstances kept her from filing on time." *Perez v. Mason Tenders Dist. Council Tr. Funds*, 742 F. App'x 584, 585 (2d Cir. 2018) (quoting *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003)). "The Second Circuit has explained that 'equitable tolling is generally considered appropriate where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period'; 'where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant'; 'or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion.'" *Nwobi v. Ryder Truck Rental, Inc.*, No. 25-CV-4894 (JGLC), 2026 WL 811281, at *9 (S.D.N.Y. Mar. 23, 2026) (quoting *Shin v. NBC Universal Media, LLC*, No. 23-CV-10996 (LJL), 2025 WL 438297, at *8 (S.D.N.Y. Feb. 7, 2025) (further citation omitted)).

Only the third circumstance is implicated here, and Plaintiff has fallen short of demonstrating that her medical conditions rise to an extraordinary circumstance warranting equitable tolling. For the purposes of this motion, the Court accepts that Plaintiff has

[4] In Plaintiff's response papers, she urges the Court to find that any failure on her part to comply with the 90-day deadline is the result of "excusable neglect," citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), related to filing of a proof of claim in bankruptcy court. (Dkt. 36 at 7-9). Inasmuch as Plaintiff relies on a Federal Rule of Bankruptcy Procedure, the Court rejects that argument and, in consideration of Plaintiff's *pro se* status, construes it as a request for equitable tolling.

legitimate medical conditions—yet Plaintiff has done nothing to establish that those medical conditions impacted her ability to timely file this lawsuit and "provides no concrete examples describing how her . . . health condition 'prevented her from proceeding in a timely fashion.'" *Nwobi*, 2026 WL 811281, at *10 (quoting *Zerilli-Edelglass*, 333 F.3d at 80). Moreover, Plaintiff has not provided any information from which the Court could discern that she acted with reasonable diligence to timely file suit. Plaintiff's submissions reflect that as early as January 2024, she was informed by Bellini that her representation was limited to the proceeding before the EEOC, that she would not represent Plaintiff if Plaintiff elected to sue, and that Plaintiff should consult another attorney as soon as possible once the right-to-sue letter was received. (Dkt. 36 at 27 ("I further understand that if I still wish to pursue my claims outside the EEOC, once I receive a Right to Sue Letter, that time is of the essence as there are strategic and time sensitive decisions to make and therefore, I am advised to consult another attorney as soon as possible.")). Despite that explicit notification, Plaintiff has not submitted proof or even suggested that she looked for representation or made any effort to timely file *pro se*. In light of these deficiencies, any request for equitable tolling is denied, and Defendant's motion for summary judgment on the basis of untimeliness is granted.

**CONCLUSION**

For the reasons set forth above, the Court grants Defendant's motion for summary judgment. (Dkt. 23). The Clerk of Court is directed to enter judgment in favor of Defendant and close the case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: September 30, 2026
Rochester, New York